MICHAEL, Circuit Judge,
concurring in the judgment:
I concur in the judgment but write separately to express my belief that we should *371 be resolving this case on much narrower grounds. As the majority recognizes, “Chapman’s ineffective-assistance claim is a narrow one.” Ante at 367. Chapman simply argues that under the particular circumstances of this case, he received ineffective assistance when his lawyer refused to follow his express instruction to accept the district court’s offer of a mistrial without prejudice. Instead of affirming on the narrow ground that Chapman’s lawyer acted reasonably, the majority sweeps broadly and decides that a lawyer’s decision to refuse a mistrial over his client’s wishes and without consultation can never constitute ineffective assistance. I believe such a broad rule is both ill-advised and unnecessary to resolve this case.
There are at least three types of decisions where counsel’s failure to seek or follow client input before acting could result in constitutionally ineffective assistance: (1) fundamental decisions requiring informed consent from the client; (2) important decisions requiring consultation with the client; and (3) decisions where the client has expressly instructed counsel on a particular course. See Florida v. Nixon, 543 U.S. 175, 187, 125 S.Ct. 551, 160 L.Ed.2d 565 (2004); Jones v. Barnes, 463 U.S. 745, 751, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983); Gov’t of the Virgin Islands v. Weatherwax, 77 F.3d 1425, 1437 (3d Cir.1996). The majority has focused exclusively on the first type, that is, the fundamental decisions described in Jones. Nothing in this case has convinced me that the list of fundamental decisions in Jones should be expanded. But focusing exclusively on the fundamental decision category inappropriately ignores the other two categories. In Florida v. Nixon the Supreme Court expressly recognized counsel’s “duty to consult with the client regarding important decisions” as independent from the duty to both consult with the client and obtain his consent on fundamental decisions. 543 U.S. at 187, 125 S.Ct. 551 (emphasis added). The majority misreads this very portion of Nixon to support the proposition that for non-fundamental decisions “[cjounsel need not consult with the client about the matter or obtain the client’s consent.” Ante at 369 (emphasis added). There will be important decisions that require consultation with, but not consent from, the client. See, e.g., Weatherwax, 77 F.3d at 1436 (duty to consult with client concerning possible mistrial motion after client’s family raised fact that juror was reading prohibited materials). Similarly, there will be decisions on which counsel and client disagree that will at least require some form of accommodation. See, e.g., United States v. Gillis, 773 F.2d 549, 560 (4th Cir.1985) (defendant’s right to self-representation on appeal satisfied by allowing him to submit supplemental brief).
In assessing counsel’s failure to consult with his client or follow an express instruction, I would follow the Third Circuit’s analysis in Weatherwax. There, the court held that “[t]he constitutional duty to consult regarding issues on which counsel has the last word requires only that counsel act reasonably in light of the circumstances and what is likely to be accomplished by a consultation.” 77 F.3d at 1437. In assessing reasonableness, the Third Circuit weighed the lawyer’s actions against the “number of important purposes” served by the duty to consult, including ensuring the client’s ability to assist in his own defense, promoting open lawyer-client communications, and safeguarding the client’s right to forgo his current representation if he disagrees with his lawyer. Id. at 1436-37. The reasonableness assessment is, of course, fact intensive and case specific.
I conclude that while the decision whether to accept a mistrial offered by the court will sometimes require a lawyer to consult with his client, it was nevertheless reason *372 able here for Billy Martin to refuse the offer against Chapman’s expressed wishes and without consultation. The record does not indicate that Chapman even understood the difference between a mistrial with prejudice and a mistrial without prejudice, let alone the consequences of each in his case. Under these circumstances, following Chapman’s instruction might well have constituted ineffective assistance of counsel. A closer question is whether Martin should have asked the court for time to consult with Chapman concerning the offer, but I again conclude that Martin’s actions were reasonable. The district court was demanding an answer from Martin then and there. Martin had to make a decision on the fly, and there is no evidence that consultation would have prompted Chapman to hold his position and request new counsel.
I would not foreclose the possibility that, in other situations, counsel’s failure to consult with his client or follow his express, informed wishes would constitute constitutionally ineffective assistance. Because I agree with the majority that counsel was effective in Chapman’s case, however, I concur in the result.